UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| ALLEN J. WARE, JR., SUBSTITUTE TRUSTEE, | ) ) ) | | |
| Plaintiff, | ) ) | | |
| v. | ) ) | No.: | 3:07-CV-348 (VARLAN/SHIRLEY) |
| JOHN ANDERSON, et al., | ) ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

This civil action is before the Court on the Motion for Partial Summary Judgment [Doc. 50], filed by plaintiff Allen J. Ware, Substitute Trustee. In the motion, plaintiff moves the Court, pursuant to Federal Rule of Civil Procedure 56, for an award of attorneys' fees and reimbursement for expenses in prosecuting this action. Specifically, counsel for plaintiff requests attorneys' fees and reimbursement in an amount of $18,919.27. Plaintiff also requests dismissal from this action. Defendant United States has responded [Doc. 52], and Defendant State of Tennessee has responded [Doc. 53] with both defendants indicating they have no opposition to the relief sought in plaintiff's motion.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986).

Plaintiff, substitute trustee under a deed of trust, conducted a non-judicial foreclosure that resulted in surplus proceeds [*see* Doc. 50-1]; accordingly, an interpleader was filed in Blount County. Under federal law, the general rule is that a "disinterested 'mere stakeholder' plaintiff who brings a necessary interpleader action is entitled to a reasonable award of attorneys' fees . . . ." *Unum Life Ins. Co. of America v. Kelling*, 170 F. Supp. 2d 792, 793 (M.D. Tenn. 2001). Plaintiff submits that funds had to be interpleaded due to a dispute as to priority between the two remaining parties. Plaintiff also submits that he was a disinterested stakeholder and therefore has no interest in who receives the funds. Plaintiff has submitted an affidavit by plaintiff's counsel describing the expenses incurred and the time spent. Accordingly, plaintiff submits that there are no genuine issues in dispute regarding plaintiff's right to be immediately paid attorneys' fees and reimbursed for expenses. Defendant has no opposition to plaintiff's request.

In light of the parties' agreement, and because there exist no genuine issue of material fact, plaintiff's Motion for Partial Summary Judgment [Doc. 50] is hereby **GRANTED**. The Clerk of Court is hereby **DIRECTED** to remit **$18,919.27** to plaintiff's counsel, Morton &

Morton PLLC, and is further **DIRECTED** to close this case. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE